



UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>FIRST BANKERS TRUST SERVICES, INC., MARAN, INC., and THE MARAN, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Defendants. | Civil Action No.<br><br>COMPLAINT FOR ERISA VIOLATIONS (29 U.S.C. §§ 1001 et seq.) |

## COMPLAINT FOR ERISA VIOLATIONS

Plaintiff Hilda L. Solis, Secretary of the United States Department of Labor (the "Secretary"), alleges:

### JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq., and is brought by the Secretary to obtain relief under ERISA §§ 409 and 502(a)(2) & (5), 29 U.S.C. §§ 1109 and 1132(a)(2) & (5), to redress violations and enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue with respect to this action lies in the United States District Court for the Southern District of New York, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Maran Inc. Employee Stock Ownership Plan (the "Plan" or

1

"ESOP") is administered in New York City, New York, within this district, and the fiduciary breaches at issue took place within this district.

## PARTIES

4. Plaintiff, the Secretary, is vested with authority to enforce the provisions of Title I of ERISA by, among other things, filing and prosecuting claims against fiduciaries and other parties who violate ERISA. ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

5. Defendant First Bankers Trust Services, Inc. ("First Bankers") is an Illinois corporation with a principal place of business in Quincy, Illinois. At all relevant times, First Bankers was a full service trust company whose specialties included serving as the trustee of employee stock ownership plans. At all relevant times, First Bankers was the Trustee of the ESOP.

6. Defendant Maran, Inc. ("Maran" or the "Company") is a Delaware corporation with a principal place of business in New York, New York. At all relevant times, Maran primarily manufactured denim jeans products for retailers. At all relevant times, Maran was the sponsor of the ESOP.

7. The ESOP is an employee benefit plan as defined by ERISA § 3(3), 29 U.S.C. § 1002(3), and is subject to ERISA pursuant to ERISA § 4(a)(1), 29 U.S.C. § 1003(a)(1). The ESOP also includes the Maran Employee Stock Ownership Trust, which held the ESOP's assets. The ESOP is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## INTRODUCTION

8. The ERISA violations arise from First Bankers' failure to protect the ESOP's interests in connection with the ESOP's purchase of Maran stock from the Company's top two executives and largest shareholders: David Greenberg ("Greenberg"), Maran's Chief Executive Officer, and Richard Huang ("Huang"), Maran's Executive Vice President, Chief Operating Officer, and Chief Financial Officer (collectively, "the Sellers"). First Bankers caused the ESOP to buy stock from Greenberg and Huang, who were parties-in-interest to the ESOP, for more than the stock's fair market value based on a flawed valuation of the stock, and without prudently investigating the merits of the transaction on behalf of the ESOP. As a result, First Bankers violated ERISA's prohibited transactions provisions and duties of prudence, loyalty, and adherence to plan documents.

## GENERAL ALLEGATIONS

9. The ESOP was adopted by Maran on November 30, 2006 with an effective date of January 1, 2006. The ESOP is funded exclusively through employer contributions in the form of cash or Maran stock, as determined by Maran's Board of Directors. The ESOP currently owns 49% of Maran's stock. As of the fiscal plan year ending on December 31, 2011, the ESOP had 88 participants.

10. Under the ESOP's Plan Document, Maran is responsible for appointing the Plan Administrator. The Plan Administrator consists of one or more individuals comprising the ESOP Committee. At all relevant times, Huang and Greenberg were members of the ESOP Committee and, as such, served as the Plan's Administrators.

11. Pursuant to an engagement agreement dated October 15, 2006 by and between First Bankers and Maran ("Engagement Agreement"), First Bankers was

3

appointed the ESOP's Trustee. Under the Engagement Agreement, Maran agreed to pay First Bankers a transaction fee of $45,000, half of which was to be paid upon execution of the Engagement Agreement, and half of which was to be paid at such time as First Bankers was presented with an offer to purchase Maran stock on the ESOP's behalf. In addition, Maran agreed to pay First Bankers a percentage of the fair market value of the assets held by the ESOP as an "ongoing trustee fee," subject to a minimum annual fee of $20,000. First Bankers also could earn credits on deposited funds or funds awaiting distribution, known as "float."

12. Maran and First Bankers entered into a trust agreement for the ESOP on November 3, 2006 (the "Trust Agreement"). The Trust Agreement sets forth the duties and responsibilities of First Bankers as the ESOP's Trustee. The Trust Agreement further provides that the ESOP Committee (which, at all relevant times, comprised Greenberg and Huang), with Maran's consent, has the authority to remove the Trustee.

13. Under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), a person acquires fiduciary status if, as pertinent here, he (i) exercises discretionary authority or control over the management of a plan or exercises any authority or control over plan assets or (iii) has discretionary authority or responsibility in the administration of a plan.

14. At all relevant times, First Bankers, by virtue of its authority as the ESOP's Trustee, was a fiduciary of the ESOP pursuant to ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii).

15. Section 2.5 of the Trust Agreement provides that the "Trustee shall discharge its duties . . . solely in the interest of Plan Participants and other persons entitled to benefits under the Plan."

16. Section 2.3 of the Trust Agreement sets forth the Trustee's powers and duties. Among the Trustee's enumerated responsibilities is to select an independent appraiser and to determine the fair market value of Maran's stock that the ESOP is considering for purchase.

17. Section 3.1 of the Trust Agreement provides that "[t]he Trustee, in its sole discretion, may purchase Company Stock from the Company or from any shareholder, and such stock may be outstanding, newly issued or treasury stock." The Trust Agreement continues: "[a]ll such purchases must be at a price that does not exceed the fair market value, as determined by an Independent Appraiser (as described in Code Section 401 (a)(28)(C)) if such stock is not publicly traded."

18. On November 30, 2006, First Bankers, acting on the ESOP's behalf, engaged in a leveraged stock transaction to purchase shares of Maran stock from Greenberg (Maran's CEO) and Huang (Maran's Executive Vice President, COO, and CFO) (the "2006 Transaction"). As fiduciaries to the ESOP by virtue of their status as the ESOP's Administrators with the power to remove the ESOP's Trustee, and as officers of Maran and owners of 10% or more of Maran common stock at the time of the 2006 Transaction, Greenberg and Huang, at the time of the 2006 Transaction, were "parties in interest" to the ESOP under ERISA § 3(14)(A) and (H), 29 U.S.C. § 1002(14)(A) and (H).

19. Pursuant to the 2006 Transaction, the ESOP purchased 49,000 shares of Maran's convertible preferred stock from Huang and Greenberg for approximately $71 million. The convertible preferred stock was common stock with additional rights to dividends worth 10% of the purchase price for eight years, valued at approximately $32 million. The 2006 Transaction is the subject of this action.

20. To fund the approximately $71 million purchase price, First Bankers, acting on the ESOP's behalf, borrowed $71 million from Maran, which was evidenced by a promissory note requiring the ESOP to repay Maran in equal annual principal installments of $4,730,733.33, concluding with a final payment on December 31, 2020. The ESOP agreed to pledge the 49,000 shares of Maran convertible preferred stock as collateral for the loan.

21. As a result of the 2006 Transaction, the ESOP owns 49% of Maran. As of December 2011, the remaining Maran shares were owned by (a) David Greenberg 2009 Irrevocable Trust; (b) David Greenberg; (c) Richard Huang; and (d) Sara Sanchez 2009 Irrevocable Trust.

22. On December 31, 2011, the Maran stock purchased by the ESOP was appraised to be worthless. On April 20, 2012, Maran, Huang, Greenberg, and First Bankers, which was acting on behalf of the ESOP, agreed to restructure the 2006 Transaction. Maran agreed to reduce the ESOP's outstanding loan principal from approximately $53 million to approximately $1 million. The ESOP, in turn, agreed to convert all 49,000 of its Maran preferred shares into 49,000 shares of Maran common stock, and to waive all of its accrued but unpaid preferred dividends and its rights to unaccrued dividends. None of the principal or interest the ESOP had already paid for Maran stock – approximately $17 million – was returned to the ESOP as part of the 2012 restructuring.